UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD L. GRISSOM, et al.,<br><br>        Defendants. | CASE NO. 1:16-cv-0498-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF NOS. 14, 17, 21)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Pending are three motions to appoint counsel. (ECF Nos. 14, 17, and 21.) In these motions, Plaintiff contends that he is unable to proceed without representation because he is indigent, his imprisonment will affect his ability to litigate, and he is unversed in the law. In one of the motions (ECF No. 17), he also claims to be a mental health patient with severe mental health issues as well as learning disabilities.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814,

1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Lastly, while Plaintiff implies that his status as a mental health patient entitles him to counsel, he has submitted no medical records in support of his motion, and he does not indicate how his mental health issues affect his understanding of the legal issues in this case or his ability to effectively prosecute his claims.

For the foregoing reasons, plaintiff's motions for the appointment of counsel (ECF Nos. 14, 17, and 21) are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   November 8, 2016           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

2