UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD L. GRISSOM, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-0498-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF NO. 27)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On November 9, 2016, the undersigned denied Plaintiff's three motions for appointment of counsel. (ECF Nos. 14, 17, and 21.) In those motions, Plaintiff sought counsel on the grounds that he is indigent, his imprisonment will affect his ability to litigate, and he is unversed in the law. In one of the motions (ECF No. 17), he also claimed to be a mental health patient with severe mental health issues as well as learning disabilities, but he submitted no documentary support for such claims.

The denial of these motions was premised on the lack of exceptional circumstances warranting appointment:

> Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved,

>would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Lastly, while Plaintiff implies that his status as a mental health patient entitles him to counsel, he has submitted no medical records in support of his motion, and he does not indicate how his mental health issues affect his understanding of the legal issues in this case or his ability to effectively prosecute his claims.

(ECF No. 23 at 2.)

Plaintiff has now filed a motion that can be construed as both a motion for reconsideration of the Court's November 9, 2016, Order and a motion for extension of time to file another motion for reconsideration. (ECF No. 27.) While Plaintiff concedes that he has no constitutional right to counsel, he argues that appointment is warranted because he is likely to succeed in this case as demonstrated by the October 5, 2016, Screening Order finding cognizable claims in the First Amended Complaint. Alternatively, Plaintiff asks for an extension of time to file a motion for reconsideration because he is currently in transitional housing pending resentencing in another case, and therefore does not have access to his medical records.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control .... " Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

2

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion for reconsideration will be denied because he has not presented any newly discovered evidence, has not shown that the Court committed clear error, or shown that there has been an intervening change in the law. As for Plaintiff's motion for extension of time, this too shall be denied.  However, Plaintiff may move for appointment of counsel at a later date if he has medical records to support his claim that he is entitled to appointment for medical reasons or he presents other new grounds for such appointment.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated:   February 6, 2017              /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE