UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DONALD L. GRISSOM, et al.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-0498-AWI-MJS (PC)<br><br>**ORDER VACATING ORDER TO SHOW CAUSE; AND**<br><br>**RENEWED FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS WITH PREJUDICE**<br><br>**(ECF NOS. 9, 18)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　　On October 4, 2016, Plaintiff's First Amended Complaint (ECF No. 9) was screened and found to state a cognizable Eighth Amendment excessive force claim against Defendant Grissom and an Eighth Amendment failure to protect claim against Defendant Cruz. (ECF No. 18.) However, the Court concluded that all other claims and Defendants were subject to dismissal. Plaintiff was directed to file a notice of his willingness to proceed on the pleading as screened or to file a Second Amended Complaint.

Plaintiff's position regarding the screening of his First Amended Complaint has changed a number of times since the October 4, 2016, Screening Order. Initially, he expressed his willingness to proceed on the pleading as screened. (ECF No. 20.) Accordingly, the undersigned issued Findings and Recommendations on November 8, 2016, recommending that Plaintiff be permitted to proceed on the cognizable claims asserted in the First Amended Complaint and that all other claims and Defendants be dismissed with prejudice. (ECF No. 22.)

On November 30, 2016, Plaintiff filed objections to the Findings and Recommendations and expressed his intent to file an amended complaint. (ECF No. 24.) In light of this filing, the undersigned vacated the Findings and Recommendations and granted Plaintiff thirty days to file his amended pleading. (ECF No. 25.)

When the deadline for filing his amended pleading passed with no Second Amended Complaint from Plaintiff, an Order to Show Cause issued on February 7, 2017, directing Plaintiff to show cause why this action should not be dismissed for failure to comply with a court order and failure to prosecute. (ECF No. 30.) In his response, Plaintiff now wishes to proceed on the First Amended Complaint as originally screened on October 4, 2016.[1] Based on this representation, the Court will re-issue its Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that the February 7, 2017, Order to Show Cause (ECF No. 29) is VACATED; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff proceed on an Eighth Amendment excessive force claim against Defendant Grissom and an Eighth Amendment failure to protect claim against Defendant Cruz; and

---

[1] Plaintiff's response also includes objections to the Court's February 7, 2017, order denying his motion for reconsideration. (ECF No. 23.) That motion concerned his multiple requests for appointment of counsel based on his claim that he suffers from a mental impairment preventing him from properly litigating this action. Because Plaintiff submitted no evidentiary support for his claim of impairment, the Court denied his motions without prejudice to their renewal. Plaintiff may therefore re-file a motion for appointment of counsel if he is able to support his motion with adequate evidence.

2. All other claims and Defendants be dismissed with prejudice.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 27, 2017              /s/ *Michael J. Seng*
                                                           UNITED STATES MAGISTRATE JUDGE