1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

SIMON THORNTON,

    Plaintiff,

 v.

D. GRISSOM, et al.,

    Defendant.

1:16-cv-00498-AWI-MJS  (PC)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(ECF No. 32)

17

18

19

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Pending now is Plaintiff's fifth request for the appointment of counsel. For the reasons set forth here, this motion will be denied.

20

21

22

23

24

25

26

  As Plaintiff has previously been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

27

28

  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In

determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the undersigned again fails to find the required exceptional circumstances. Even if it is assumed, as Plaintiff continues to claim, that he is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

In addition, Plaintiff again asserts mental incompetence, but still fails to support his claim with recent mental health records, relying instead on over one hundred pages of records dating from 2003, 2005, 2010, and 2011. Even if the records adequately show that Plaintiff's mental health suffered during those years, he has not shown that those effects continue to the present and/or are not controlled by medication. Moreover, he has demonstrated sufficient writing ability and legal knowledge to articulate his claims. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 32) is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   April 4, 2017                          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

2