# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>D. GRISSOM, et al.,<br><br>Defendant. | 1:16-cv-00498-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF Nos. 42, 48)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Pending now are Plaintiff's sixth and seventh requests for the appointment of counsel. For the reasons set forth here and in the rulings on his five early requests, these motions will be denied.

As Plaintiff has repeatedly been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the

1

Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the undersigned again fails to find the required exceptional circumstances. Even if it is assumed, as Plaintiff continues to claim, that he is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motions for the appointment of counsel (ECF Nos. 42, 48) are DENIED.

IT IS SO ORDERED.

Dated: __October 25, 2017__   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE