UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. GRISSOM, et al.,<br><br>        Defendants. | 1:16-cv-00498-AWI-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME;**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF Nos. 50, 52)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff is proceeding on his First Amended Complaint on an Eighth Amendment excessive force claim against Defendant Correctional Officer ("CO") Grissom and an Eighth Amendment failure to protect claim against Defendant CO Cruz.

Pending now is Defendants' motion to dismiss, which Plaintiff opposes. For the reasons set forth here, the undersigned will recommend that this motion be denied.

**I.    The First Amended Complaint**

    **A.    Plaintiff's Allegations**

The acts giving rise to this action occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff alleges that on August 28, 2015, Defendants CO Grissom and Cruz came to Plaintiff's cell, placed him in handcuffs,

1

and directed him to step outside of the cell. Once Plaintiff exited the cell, CO Grissom placed a hand on Plaintiff's left elbow and made "an assaultive gesture." CO Grissom said that he could just throw Plaintiff off the tier to kill him and then report that Plaintiff jumped off. This interaction scared Plaintiff. He tried to pull his arm free from CO Grissom but accidentally bumped into him. CO Grissom pushed Plaintiff forcefully toward his cell and onto the floor. CO Grissom then punched Plaintiff six times in the middle of his back along the spine. On the third strike, Plaintiff felt a popping, breaking and tearing sensation. Plaintiff, who feared for his life, began to kick out his legs in self-defense. CO Grissom then punched Plaintiff in the stomach area an additional five or six times. At this point, CO Cruz, who was standing outside acting as the lookout for CO Grissom, gave CO Grissom a verbal warning that other staff were approaching.

### B. Plaintiff's Exhaustion Efforts

Plaintiff filed an inmate grievance following the August 28, 2015, incident. See First Am. Compl. at 7 ¶ 12. In the First Amended Complaint, Plaintiff addresses his attempts to exhaust his administrative remedies:

> 12. Plaintiff filed an administrative 602 form in which plaintiff spoke upon the police brutality and defendant Tallerica delayed a response for 7 months with the aid of defendant Custer thereby denying me access to the courts and due process.
>
> 13. Plaintiff alleges a good faith effort has been made and continues to be made to exhaust the administrative remedy. Attached are several documents showing the plaintiff's on-going attempts to deal with the administrative remedies.

First Am. Compl. at 7 ¶¶ 12-13.

Plaintiff then references several documents that are attached to the original complaint, including (a) an October 5, 2015, notice to Plaintiff that his grievance was assigned to the second level of review for a response; (b) four notices from a KVSP Appeals Coordinator pursuant to Cal. Code Regs. tit. 15, § 3084.8(d) informing Plaintiff of "Exceptional Delay in Review of Appeal" at the second level of review, each citing the reason for the delay as "Unavailability of the appellant, or staff or inmate witness"; (c) a

1 number of CDCR 22 Forms filed by Plaintiff requesting the status of his grievance; and (d) a March 21, 2016 letter Plaintiff wrote to the "Chief of Appeals" seeking assistance in getting his appeal processed. See Compl. Attach. (ECF No. 1 at 20-33).

The KVSP delay notices are dated:

(1) October 15, 2015, with an estimated completion date of December 17, 2015;

(2) December 17, 2015, with an estimated completion date of January 18, 2016;

(3) February 19, 2016, with an estimated completion date of March 4, 2016; and

(4) March 3, 2016, with an estimated completion date of April 4, 2016.

Plaintiff initiated this action on April 6, 2016, by submitting his complaint to the prison mailroom for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. Legal Standards

### A. Rule 12(b)(6) Standards

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

B.   **Exhaustion Standards**

Generally, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

III.   **Discussion**

Defendants argue that it is apparent from the face of the pleading that Plaintiff failed to exhaust his administrative remedies prior to filing suit. If a prisoner's failure to exhaust is clear from the face of the complaint, a "defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014).

4

Plaintiff concedes his failure to exhaust but argues that his remedies were effectively unavailable as demonstrated by multiple documents attached to his original complaint showing a several-month delay in the processing his inmate appeal. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (exhibits attached to and incorporated by reference into the complaint can be considered on a motion to dismiss without converting it into a motion for summary judgment).

For a remedial procedure to be "available" it must exist both in law and, in actual practice, be "capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. at 1859 (internal quotation marks omitted). In Ross, the Supreme Court enumerated three instances where a procedure, in a practical sense, is unavailable: (1) when the process operates as a "simple dead end" with no actual possibility of relief to prisoners; (2) when the process is so opaque or confusing that it is "essentially unknowable—so that no ordinary prisoner can make sense of what it demands"; and (3) when prison officials thwart inmates from using the process through machination, misrepresentation, or intimidation. Id. at 1859–60 (internal quotation marks omitted).

Recently, the Ninth Circuit held that administrative remedies are effectively unavailable "[w]hen prison officials improperly fail to process a prisoner's grievance." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017). In that case, the plaintiff filed a timely appeal but the prison misplaced it. See id. at 1078 n.2. The appellate court held that "[i]n such circumstances, prison officials have thwarted inmates from taking advantage of the grievance process, making that process unavailable. Id. at 1079 (internal citations and quotations omitted).

Similarly, in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005), the Ninth Circuit noted that:

> [A]gain like all the other circuits that have considered the question, "we refuse to interpret the PLRA so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances." Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002). See also Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.

2001); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam). Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("[F]ailure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable...."); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (affirming district court decision not to dismiss for failure to exhaust when a Department of Corrections' failure to respond to a preliminary grievance precluded the plaintiff from pursuing a formal grievance). …

422 F.3d at 943 n.18.

Along these lines, Plaintiff cites to Rupe v. Beard, 2:08-cv-2454 EFS, 2013 WL 2458398 (E.D. Cal. June 6, 2013), for the proposition that an unjustified delay in responding to a grievance may excuse an inmate's failure to exhaust:

> "The Ninth Circuit has not determined that an untimely response by prison [staff] [automatically] excuse[s] for a prisoner's failure to exhaust, but it has left open the possibility that unjustified delay in responding to a grievance, 'particularly a time-sensitive one, may demonstrate that no administrative process is in fact available.'" Womack v. Bakewell, No. CIV S–09–1431 GEB KJM P., 2010 WL 3521926, at *4 (E.D. Cal. Sept. 8, 2010) (unpublished) (quoting Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005)). Consistent with "all the other circuits that have considered the question," the Ninth Circuit has refused "'to interpret the PLRA so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'" Brown, 422 F.3d at 943 n.18 (quoting Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002)) (alteration in original). Other judges in this District "have relied on [the Ninth Circuit's decision in] Nunez and precedent from other circuits in finding that prison officials' failure to process appeals within the time limits prescribed by prison regulations renders an appeals process unavailable." Womack, 2010 WL 3521926, at *4 (collecting cases). But, rather than employing a bright-line approach—which would excuse an inmate's failure to exhaust based on de minimis delays by prison officials—the reviewing court instead must examine "how the process actually unfolds in a particular case" to determine whether the inmate's administrative remedies were effectively unavailable. Id. at *5.

Id. at *14. Thus, "an inmate can show that administrative remedies are effectively unavailable if 1) prison officials have failed to timely respond to a grievance, 2) the inmate has received no notice of or justification for the delay, and 3) the inmate has no

6

other available avenues to seek administrative relief." Id. at *15.

In his pleading and the exhibits before the Court, Plaintiff claims that KVSP prison officials delayed responding to his inmate appeal for several months, and that these delays deprived him of the opportunity to file with the California Victim Compensation Government Claims Board. See First Am. Compl. at 7 ¶¶ 12-13; Compl. Attach. (ECF No. 1 at 33). In his opposition, Plaintiff claims that "5 months [passed] without a single delay notice." Pl.'s Opp'n at 1, 5. An unjustified delay may excuse Plaintiff's failure to exhaust, especially when he identifies prejudice attributable to the delay. See Brown, 422 F.3d at 943 n.18.

But contrary to Plaintiff's claim that the delays were without notice, the record reveals that Plaintiff received four delay notices with justifications in the six months after he filed his appeal and before he filed this action. These notices were filed pursuant to § 3084.8(e), which provides:

> Except for the third level, if an exceptional delay prevents completion of the review within specified time limits, the appellant, within the time limits provided in subsection 3084.8(c), shall be provided an explanation of the reasons for the delay and the estimated completion date.

Cal. Code Regs. tit. 15, § 3084.8(e).

This would seem to resolve the issue, but the record before the Court reveals an unjustified and unnoticed delay following the prison's second delay notice. That is, Plaintiff received a second delay notice dated December 17, 2015, which provided a new estimated completion date of January 18, 2016. When Plaintiff failed to receive a response by the prison's self-imposed deadline, Plaintiff submitted multiple CDCR 22 Forms to inquire about the status of his appeal. Plaintiff finally received a third delay notice on February 19, 2016, with a new estimated completion date of March 4, 2016.

In Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998), overruled on other grounds by Woodford v. Ngo, 548 U.S. 81, 93 (2006), the Fifth Circuit held that a prisoner exhausted his administrative remedies when a prison fails to respond to a grievance in a timely manner, and the prison's procedures do not set out additional steps

7

that prisoners must take upon that time elapsing. In that case, the prison had a three step grievance process with prescribed time limits for prison responses. The inmate filed a timely grievance and appealed to each level of the process, but did not receive a response within the 26-day response period for a third level response. The appellate court held that, in the absence of any grievance procedure available to the inmate after the time set for a step-three response has passed, the inmate was deemed to have exhausted his administrative remedies.

In this case, Defendants do not cite to any institutional regulation prescribing a particular process for an inmate to follow if he does not receive a timely response to a grievance, and the delay notices themselves do not identify any procedures to follow if a response is not received by the new estimated completion date. That Plaintiff eventually received a third delay notice on February 19, 2016 is immaterial to the Court's determination. A prison may not excuse its non-compliance with its own procedures by later filing an untimely and unjustified response, particularly when the delay is not de minimus as here. At this juncture, then, Plaintiff has submitted evidence that raises a dispute over whether his attempts to exhaust were unsuccessful through no fault of his own, and the Court will therefore recommend denial of Defendants' motion to dismiss without prejudice.

**IV.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for extension of time (ECF No. 52) is GRANTED. Plaintiff's opposition is deemed timely filed; and

IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss (ECF No. 50) be DENIED without prejudice.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 6, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

9