UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>    Plaintiff,<br><br>v.<br><br>D. GRISSOM, et al.,<br><br>    Defendants. | CASE No. 1:16-cv-00498-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 60) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's **sixth** motion (ECF No. 60) for appointment of counsel. (See ECF Nos. 8, 14, 17, 21, 32.)

As Plaintiff has previously been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1    Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

In the present case, the Court again finds no exceptional circumstances. Even if it is assumed, as Plaintiff again claims, that he is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, even though the issues are complex, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

In this motion Plaintiff again asserts mental incompetence and supports his motion with recent medical records. However, the records do not indicate that Plaintiff lacks the writing ability and mental cognition to explain his claims. They indicate that Plaintiff has been "doing well for the last two years" (ECF No. 60 at 4), that his thoughts are "logical, linear" and "clear" (Id. at 6), and that he has been responding positively to medication. (Id. at 9.) Although Plaintiff has suffered from mental health challenges, it appears they are reasonably controlled with medication and treatment. Moreover, he has demonstrated sufficient writing ability and legal knowledge to articulate his claims. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

Accordingly Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   February 6, 2018                /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE