# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON, | Case No.: 1:16-cv-00498-LJO-MJS (PC) |
| Plaintiff, | **AMENDED TRIAL SCHEDULING ORDER** |
| v. | |
| D. GRISSOM, et al., | Telephonic Trial Confirmation Hearing:    November 20, 2020, at 10:00 a.m. in Courtroom  6 (MJS) |
| Defendants. | Jury Trial:    January 12, 2021, at 8:30 a.m. in Courtroom 4 (LJO) |
| | **CLERK TO SEND LOCAL RULE 281 TO PLAINTIFF** |

On April 16, 2018, the Court issued a trial scheduling order setting trial for January 12, 2020. Upon review, this date was in error. Trial is set for January 12, 2021. The Court therefore issues this amended trial scheduling order to clarify and reflect the correct the trial date.

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amended Complaint on an Eighth Amendment excessive force claim against Defendant Correctional Officer Grissom and an Eighth Amendment failure to protect claim against Defendant Correctional Officer Cruz.

The matter has been assigned to United States District Judge Lawrence J. O'Neill. To facilitate the efficient resolution of prisoner civil rights cases, Judge O'Neill requires that all such cases be set for trial within three years of Defendants' first appearance. Accordingly, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court herein sets a schedule for trial of this matter.

The parties are advised that nothing herein supersedes the provisions of the Court's prior discovery and scheduling order. To the contrary, the parties are required to abide by that order and to pursue any discovery, amendments, or motions with diligence. In all such matters, the parties should manage their efforts so that they are prepared to proceed to trial as scheduled. The parties are warned that a continuance of the trial date is unlikely, and will only be granted upon a showing of good cause and a determination that, despite the parties' best efforts, proceeding to trial as scheduled is impracticable.

The parties are required to file pretrial statements in accordance with Local Rule 281 and the schedule set forth herein. In addition, Plaintiff must make a particularized showing to obtain the attendance of witnesses at trial. The procedures and requirements for doing so are outlined in detail below.

**Failure to comply with the provisions of this Order may result in the imposition of sanctions which could include dismissal of the action or entry of default.**

**I.      Special Procedures for Plaintiff's Witnesses**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support claims made in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or testimony from witnesses. If Plaintiff wants to call witnesses to testify, he must comply with the following procedures to ensure that the witnesses will appear at trial and be available to

testify.[1]  Failure to comply with the procedures set forth below may result in the Court precluding testimony from Plaintiff's witnesses.

A.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees to come to court and testify at trial can only do so if the Court orders the warden or other custodian to allow him or her to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) he or she has actual knowledge of relevant facts.

If Plaintiff wants to call such witnesses, Plaintiff must serve and file with the pretrial statement a written motion for a court order directing that the witnesses be brought to trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) include declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness to come and testify can be shown in one of two ways: (a) the Plaintiff can swear under penalty of perjury that the prospective witness has informed him that he or she is willing to testify voluntarily without being subpoenaed; if so, the declaration must state when and where the witness so advised the Plaintiff; or (b) Plaintiff can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts also can be shown in one of two ways: (a) if Plaintiff has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (for example, if the incident occurred in Plaintiff's cell and Plaintiff saw that a cellmate was present at the time and observed the incident), Plaintiff can swear by declaration under penalty of perjury that the

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

prospective witness has actual knowledge; or (b) Plaintiff can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which he or she was an eye- or ear-witness.

Whether the declaration is made by the Plaintiff or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred.

The Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party shows that the witnesses have relevant information and the Court finds that the witnesses' presence will substantially further the resolution of the case. Wiggins, 717 F.2d at 468 n.1. The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which will be brought to court. Subsequently, the Court will order the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before September 25, 2020. Oppositions, if any, must be filed on or before October 23, 2020.**

B. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If Plaintiff seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, Plaintiff should submit, by September 25, 2020 a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

Plaintiff does not need Court permission or a Court Order to have unincarcerated witnesses appear and testify if the witnesses are willing to do so voluntarily (and Plaintiff has properly identified the witnesses in his Pretrial Statement). It is Plaintiff's sole responsibility to

notify the witness of the time and date of trial and arrange for his or her presence. The Court need not be involved.

D. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must deposit fees for the witness in advance of subpoenaing the witness. Id. In the case of an unincarcerated witness, the fee that must be deposited is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. Plaintiff is to notify the Court of the names and locations of such witnesses on or before September 25, 2020.

The Court will calculate the travel expense for each such witness and notify Plaintiff of the amount(s) to be deposited for each. Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served on the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. There is no legal basis for using public funds to cover such expenses in civil cases even for parties proceeding in forma pauperis.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court on or before November 6, 2020.

II. **SCHEDULING ORDER**

With regard to further litigation and trial of this matter, the Court HEREBY ORDERS as follows:

1. This matter is set for a telephonic trial confirmation hearing before the undersigned on November 20, 2020, at 10:00 a.m. in Courtroom 6;

2.  This matter is set for jury trial before the Honorable Lawrence J. O'Neill on January 12, 2021, at 8:30 a.m. in Courtroom 4;

3.  Counsel for Defendant is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing;

4.  The parties may participate in the hearing by calling (888) 294-5984 and entering access code 4446176#;

5.  Plaintiff shall file and serve a pretrial statement as described in this Order on or before September 25, 2020;

6.  Defendant shall file and serve a pretrial statement as described in this Order on or before October 23, 2020;

7.  In addition to electronically filing their pretrial statement, Defendant shall e-mail his pretrial statement to: mjsorders@caed.uscourts.gov;

8.  If Plaintiff intends to call incarcerated witnesses at trial, Plaintiff shall file and serve a motion for attendance of incarcerated witnesses as described in this Order on or before September 25, 2020;

9.   Opposition to the motion for the attendance of incarcerated witness, if any, shall be filed and served on or before October 23, 2020;

10. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before September 25, 2020, and Plaintiff must submit the money orders, as described in section I subsection D of this Order, on or before November 6, 2020; and

11. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   April 17, 2018            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

6