1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT
8              FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10
11
   SIMON THORNTON,                    Case No. 1:16-cv-00498-LJO-JDP
12
                Plaintiff,            FINDINGS AND RECOMMENDATIONS
13                                    THAT DEFENDANTS' MOTION FOR
                                      SUMMARY JUDGMENT FOR FAILURE
14        v.                          TO EXHAUST BE GRANTED IN PART,
                                      DENIED IN PART
15 D. GRISSOM, *et al.*,
                                      ECF No. 79
16              Defendants.
                                      OBJECTIONS, IF ANY, DUE WITHIN
17                                    FOURTEEN DAYS
18

19        Plaintiff Simon Thornton is a state prisoner proceeding without counsel in this civil rights

20 action brought under 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended

21 complaint, in which he stated an Eighth Amendment excessive force claim against defendant

22 Grissom and an Eighth Amendment failure to protect claim against defendant Cruz.  ECF No. 9;

23 ECF No. 18.

24        On April 23, 2018, defendants moved for summary judgment under Federal Rule of Civil

25 Procedure 56, arguing that plaintiff failed to exhaust available administrative remedies.  ECF No.

26 79.  Plaintiff filed an opposition on May 2, 2018, ECF No. 82, and defendants filed a reply on

27 May 9, 2018, ECF No. 83.  The motion was submitted on the record without oral argument under

28

Local Rule 230(*l*).[1]  Defendants' motion for summary judgment is now before the court, and we will recommend granting it in part and denying it in part without prejudice.

## I.   LEGAL STANDARDS

### A.   Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim.  Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact.  *Id.* at 323.  An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies via an attachment to the defendants' motion for summary judgment.  ECF No. 79-1.

the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates that summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there is no genuine issue of material fact and judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendants, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

**B. Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the

4

prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is

unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir.

2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is

deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper

remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See*

*Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**C. CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and

Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate

grievances. *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). To exhaust available remedies during

the relevant time period, an inmate must proceed through three formal levels of review unless

otherwise excused under the regulations. *Id.* § 3084.5. A prisoner initiates the exhaustion

process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance") within thirty

calendar days (1) of the event or decision being appealed, (2) from the time the prisoner first had

knowledge of the action or decision being appealed, or (3) from the time the prisoner received an

unsatisfactory departmental response to an appeal filed. *Id.* §§ 3084.2(a), 3084.8(b) (quotation

marks omitted). There is one exception to the thirty-day rule: "There shall be no time limits for

allegations of sexual violence or staff sexual misconduct." *Id.* § 3084.2(b)(4).

The grievance must "describe the specific issue under appeal and the relief requested,"

and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4). Inmate grievances are subject to cancellation if "time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id.* § 3084.6(c)(4).

## II.     SUMMARY JUDGMENT RECORD

To decide a motion for summary judgment, a district court may consider materials listed in Rule 56(c). Those materials include depositions, documents, electronically-stored information, affidavits or declarations, stipulations, party admissions, interrogatory answers, "or other materials." Fed. R. Civ. P. 56(c). A party may object that an opponent's evidence "cannot be presented in a form that would be admissible" at trial, *see* Fed. R. Civ. P. 56(c)(2), and the court ordinarily rules on evidentiary objections before deciding a summary judgment motion, to determine which materials the court may consider. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010); *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004). Here, defendants present plaintiff's complaint; the declaration of A. Lucas, an Appeal Coordinator at Kern Valley State Prison ("KVSP"); and the declaration of M. Voong, the Chief of the Office of Appeals ("OOA") for CDCR. ECF No. 9; ECF No. 79-4; ECF No. 79-5. Plaintiff presents his sworn opposition brief, documents related to a criminal case against him, documents related to his administrative grievance, and a CDCR operations manual. ECF No. 82. No party disputes these materials' admissibility.[2]

The only question here is whether plaintiff has exhausted available administrative remedies

---

[2] Defendants do, however, argue that plaintiff "fail[s] to provide any evidence that supports his argument" aside from "unsupported, conclusory allegations" and that he "failed to comply with L.R. 260(b)." ECF No. 83 at 4. Defendant is correct that plaintiff failed to comply with Local Rule 260(b) by not citing to particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document. While the court could therefore "consider only the cited materials," the court will nonetheless consider plaintiff's motion on the merits. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

for his Eighth Amendment excessive force claim against defendant Grissom and his Eighth Amendment failure to protect claim against defendant Cruz. In his verified complaint, ECF No. 9, plaintiff alleges as follows: On August 28, 2015, plaintiff informed prison staff that he felt unsafe in his cell and asked to speak with medical personnel. *Id.* at 4. In response, defendants Grissom and Cruz came to plaintiff's cell, placed him in handcuffs, and directed him to step outside the cell. *Id.* Once plaintiff exited the cell, Grissom placed a hand on plaintiff's left elbow and made "an assaultive gesture." *Id.* Grissom said that he could throw plaintiff off the tier to kill him and then report that plaintiff jumped off. *Id.* This comment made plaintiff feel that he was in "mortal danger." *Id.* Accordingly, plaintiff tried to pull his arm free from Grissom's hold but accidentally bumped into him. *Id.* In response, Grissom pushed plaintiff forcefully toward his cell and onto the floor. *Id.* While Cruz acted as "look out," Grissom punched plaintiff six times in the middle of his spine. *Id.* at 5. On the third strike, plaintiff felt a popping, breaking, and tearing sensation. *Id.* Plaintiff, who feared for his life, began to kick his legs in self-defense. *Id.* Grissom then punched plaintiff in the stomach area an additional 5 or 6 times. *Id.* At this point, Cruz gave Grissom a verbal warning that other staff were approaching. *Id.*

The parties agree that plaintiff submitted a grievance (KVSP-O-15-02716) concerning what occurred on August 28, 2015. In the grievance, dated September 20, 2015, plaintiff described the issue as follows:

> I am 602-ing the fact that on 8/28/15 correctional officer Grissom used Excessive Force on A Inmate (myself) while in handcuffs. Specifically he threw me across a matress causing my face to have a Friction burn & then he repeatedly struck 5 or 6 punches to my middle back area followed by 5 or 6 punches to my right "rear flank" or "ribcage area." These punches were not strength & holds & therefore constitute use of Excessive Force. I was video taped per title 15 protocol when excessive Force is used.

ECF No. 79-4 at 19. CO Cruz is not mentioned in the grievance.

According to the declarations of Voong and Lucas, the timeline for appeal log number KVSP-O-15-02716 is as follows:

- 09/24/2015: The California Men's Colony Inmate Appeals Office ("IAO")

received the appeal and "rejected" it via CDCR Form 695, advising plaintiff that the appeal would be forwarded to KVSP IAO for processing. ECF No. 79-4 ¶ 18.

- 10/02/2015: The KVSP IAO received the appeal and referred it to the Hiring Authority / Chief Deputy Warden on 10/02/2015 for a Staff Complaint Determination. *Id.*

- 10/05/2015: The Hiring Authority designated the appeal to be processed as a Staff Complaint Appeal Inquiry. The appeal bypassed the First Level of Review, and CDCR officials assigned it to the Second Level of Review on 10/05/2015 with an original due date of 11/17/2015. *Id.*

- 10/14/2015: The associate warden of KVSP submitted a request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the 11/17/15 due date to 12/17/2015. *Id.*

- 12/15/2015: The associate warden of KVSP submitted a second request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due date to 01/18/2016. *Id.*

- 01/08/2016: The associate warden of KVSP submitted a third request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due date to 02/19/2016. *Id.*

- 02/18/2016: The associate warden of KVSP submitted a fourth request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due date to 03/04/2016. *Id.*

- 03/02/2016: The associate warden of KVSP submitted a fifth request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due

date to 04/04/2016. *Id.*

- 03/08/2016: CDCR officials responded to the appeal on 03/08/2016. *Id.* CDCR officials partially granted the appeal in that Grissom was questioned, but the officials found that Grissom did not violate CDCR policy. *Id.* ¶ 15.

- 03/24/2016: The Hiring Authority / Chief Deputy Warden "approved" the appeal and provided plaintiff with the second-level response on 03/24/2016. *Id.* ¶ 18; ECF No. 79-5 ¶ 15.

- 04/12/2016: Plaintiff signed, dated, and completed a section of the grievance form set aside for an inmate to report any dissatisfaction with a second-level response. ECF No. 79-5 ¶ 15. Specifically, he stated, "I am dissatisfied with the second level response because you say he didn't violate C.D.C.R. policy and the appeal was partially granted. But Grissom wasn't fired without pension or benefits nor brought up on felony charges for assault & batter all that was done was a private investigation & a damned cover-up that took 6 months." *Id.*

- 04/29/16: "The appeal package was stamped as received by OOA." *Id.*

- 07/12/2016: The OOA mailed the third-level response to plaintiff. *Id.* The response explained that OOA "cancelled" plaintiff's appeal on the ground that he exceeded time constraints to file his appeal to the third level of review. *Id.* Rather than stating that the OOA *received* the response on 04/29/16, the response states that plaintiff "submitted" the appeal on 04/29/16. *Id.*

In a declaration, A. Lucas, an Appeal Coordinator at KVSP, states that "[a]ll delays were due to the unavailability of staff, D. Grissom, for interview. D. Grissom was on medical leave." ECF No. 79-4 ¶ 19.

In his sworn opposition brief, plaintiff states that he did not "[receive] a timely response [to his administrative grievance] nor was [he] given notice of timely delays every time." ECF No. 82 at 2. Plaintiff also states that he submitted his grievance to the third level "[immediately] after he returned from a year in a county jail." *Id.*

### III.     DISCUSSION

#### A. Whether Plaintiff Failed to Exhaust His Administrative Remedies by Exceeding the Regulatory Time Constraints

The court first considers whether defendants have met their initial burden of producing evidence showing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *See Albino II*, 747 F.3d at 1172. Defendants submit evidence in the form of sworn declarations and supporting documents showing that CDCR had an appellate process available at the time of the incident that involved submission of a standardized grievance form and three levels of review. ECF No. 79-4; ECF No. 79-5. Defendants submit further evidence in an attempt to show that plaintiff did not exhaust this available remedy because his appeal to the third level of review exceeded time constraints. Specifically, they submit the declarations of Lucas and Voong, ECF No. 79-4; ECF No. 79-5, which show the following facts: Plaintiff submitted a grievance concerning the alleged constitutional violation through the second level of review, and plaintiff received the second-level response on March 24, 2016. ECF No. 79-4 ¶ 18. The regulations required plaintiff to submit his grievance to the third level within thirty days of receiving this response—by April 23, 2016. *See* ECF No. 79-5 ¶ 5; *see also* Cal. Code Regs. tit. 15, § 3084.8(b). Plaintiff completed a section of the grievance form set aside for an inmate to report any dissatisfaction with a second-level response, signing and dating this section April 12, 2016. ECF No. 79-5, Exh. B. Plaintiff's grievance "was stamped as received" at the third level on April 29, 2016. ECF No. 79-5 ¶ 15. The OOA cancelled plaintiff's grievance, deeming it to have "exceeded time constraints." *Id.*

Defendants contend that plaintiff "submitted" his appeal to the third level beyond the thirty-day deadline, and that he thus failed to exhaust his administrative remedies. ECF No. 79-2 at 9. However, this contention goes beyond the evidence. The declaration of Voong indicates that plaintiff's appeal was "stamped as received" at the third level on April 29—after the April 23 deadline—ECF No. 79-5 ¶ 15, but the regulations do not state that the appeal must be *received* within thirty days; the regulations state that appeals must be *submitted* within thirty days. Cal. Code Regs. tit. 15, § 3084.8(b) ("[A]n inmate or parolee must *submit* the appeal

within 30 calendar days of . . . receiving an unsatisfactory departmental response to an appeal filed."). There is no evidence in the record that establishes the date on which plaintiff *submitted* his appeal to the third level,[3] only when he dated it—April 12, 2016—and when it was received at the third level—April 29, 2016. The deadline—April 23, 2016—fell between those dates. Because defendants have put forward no evidence showing when plaintiff submitted his grievance to the third level of review, they have failed to meet their burden to show "that the prisoner did not exhaust [the] available remedy."[4] *See Albino II*, 747 F.3d at 1172. We will recommend that the court deny without prejudice defendants' motion for summary judgment as to plaintiff's excessive force claim against defendant Grissom.

   **B.  Whether Plaintiff Failed to Exhaust His Administrative Remedies as to His Claim Against Defendant Cruz by Providing Insufficient Information in His Grievance**

   Even though defendants failed to show that plaintiff did not exhaust his administrative remedies due to exceeding time constraints, the court will consider defendants' argument that plaintiff failed to "'provide enough information . . . to allow prison officials to take appropriate responsive measures with regard to Thornton's failure to protect claim against Officer Cruz." ECF No. 79-2 at 7-8 (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009)). Specifically, defendants' evidence shows that "Thornton failed to file a grievance that describes his interactions with Officer Cruz or that describes Officer Cruz's actions at all." *Id.* at 8 (citing

---

[3] Voong, the appeals chief, sent the third-level response to plaintiff that stated, "The Second Level Response was returned to you on 3/24/16. The appeal package was submitted in our office on 4/29/26. This exceeds time constraints to submit for third level review." ECF No. 79-5, Exh. B. This statement makes the same mistake as the legal brief—equating "receive" and "submit."

[4] Since the record lacks evidence of the third-level appeal submission process and we must construe facts in the light most favorable to plaintiff, we cannot discard the possibility that submission by plaintiff occurred days before receipt and stamping by the appeals office. It is possible, for example, that an inmate could "submit" an appeal by placing it "in an envelope in [his] cell door," and that the appeal would need to pass from there to a "legal mail bag," and from there, potentially, to a post office for mailing, before delivery to the appeals office. *Todd v. Johnson*, 2015 WL 4577087, *3-*4 (E.D. Cal. July 28, 2015) (discussing testimony relating to the appeals submission process at California State Prison, Corcoran) (reversed on other grounds by *Todd v. Johnson*, 747 Fed. App'x 583 (9th Cir. Jan. 3, 2019) (memorandum)). Indeed, the photocopied envelope in Exhibit B of Voong's Declaration indicates that the same process may have been used in the instant case. ECF No. 79-5 at 29-30.

Voong Decl. Ex. B; Lucas Decl. Ex. C). In response, plaintiff argues that the PLRA does not require prisoners to state facts with much particularity:

> [The PLRA's exhaustion requirement] does not state that every fact needs to be stated[;] it just states that a remedy must be attempted by the prisoner where claims are in fact made to which a later case can be brought. [T]he fact that plaintiff did not mention Defendant Cruz in his appeal does not in fact [preclude] the plaintiff from naming him in suit later.

ECF No. 82 at 1.

The court finds defendant's argument persuasive. As stated above, a prison's own grievance process determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Jones v. Bock*, 549 U.S. at 218. To exhaust administrative remedies, California regulations require a grievance to "describe the specific issue under appeal and the relief requested" and to "list all staff member(s) involved and [to] describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a). The regulations also require the grievance to "state all facts known and available to [the inmate] regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* By omitting any mention of Officer Cruz or his alleged failure to protect, plaintiff failed to submit a grievance with the level of detail required for exhaustion by Cal. Code Regs. tit. 15, § 3084.

Since plaintiff was required to "state all facts known and available to him/her regarding the issue being appealed," *id.* § 3084.2(a)(4), and he failed to mention any facts that could support a failure to protect claim, there is no material fact in dispute regarding plaintiff's exhaustion of his claim against defendant Cruz. We recommend that the court grant summary judgment for defendant Cruz.

## IV.   LEAVE TO REQUEST HEARING

The issue of "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170 (9th Cir. 2014). "[F]actual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides

disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170-71. The judge should determine these facts at a "preliminary proceeding." *Id.* at 1168.

At present, the parties have not disputed when plaintiff *submitted* his third-level appeal—they simply have not addressed that factual issue. If, however, defendants present evidence that plaintiff submitted his appeal late—and if plaintiff presents contrary evidence—it may be appropriate, given considerations of efficiency, to hold a pre-trial hearing to consider this issue. We thus recommend that the court allow defendant Grissom leave to request an evidentiary hearing to determine factual questions relevant to exhaustion. If defendant Grissom makes such a request, it should be supported by genuine evidence that plaintiff's third-level appeal was submitted late. In the event of such a submission by defendant Grissom, we further recommend that the court provide plaintiff with an opportunity to respond. And if the court grants a request for such a hearing, we recommend that the scope of the hearing be limited to the issue of when plaintiff submitted his grievance to the third level of review.

## V. FINDINGS AND RECOMMENDATIONS

Accordingly, we recommend that:

1. Defendants' motion for summary judgment, ECF No. 79, be granted as to plaintiff's failure to protect claim against defendant Cruz;

2. Defendants' motion for summary judgment, ECF No. 59, be denied without prejudice as to plaintiff's excessive force claim against defendant Grissom;

3. and that defendant Grissom be given leave to request a hearing to resolve potential factual issues relating to exhaustion.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections

within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    February 13, 2019

UNITED STATES MAGISTRATE JUDGE