UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>D. GRISSOM, *et al.*,<br><br>Defendants. | Case No. 1:16-cv-00498-LJO-JDP<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED IN PART, DENIED IN PART<br><br>ECF No. 99 |

Plaintiff Simon Thornton is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On February 14, 2019, the court issued findings and recommendations that defendants' motion for summary judgment for failure to exhaust be granted in part, denied in part. ECF No. 99. Plaintiff and defendant each filed objections to the findings and recommendations on February 28, 2019. ECF No. 100; ECF No. 101.

Plaintiff makes two primary arguments in his objections. *See* ECF No. 100. First, he argues, in essence, that grievance # KVSP-0-15-02716 should have exhausted his claim against defendant Cruz because he attached documents to this grievance that referenced defendant Cruz. ECF No. 100 at 1-2. We disagree. Even if the grievance made such a reference, "plaintiff failed to submit a grievance with the level of detail required for exhaustion by Cal. Code Regs. tit. 15, § 3084." ECF No. 99 at 12. Second, plaintiff argues that he has been unable to review a "'C.D.'

of evidence" in this case that defendants provided to "the C.S.P.-Sacramento's Litigation Coordinator." ECF No. 100 at 2-4. Plaintiff fails, however, to explain how this evidence may affect the instant findings and recommendations. Accordingly, the court concludes that both of plaintiff's arguments lack merit.

In their moving papers, defendants' primary argument for summary judgment against defendant Grissom was that "Thornton attempted to exhaust his claim against Defendant Grissom, but failed to file a timely grievance to the third level of review within the prescribed time limits." ECF No. 79-2 at 9. The court found this argument to be unpersuasive because plaintiff signed the third-level grievance within the mandatory thirty-day appeal period, and neither party presented evidence as to when plaintiff "submitted" the appeal. ECF No. 99 at 10-11. Thus, construing this evidence in plaintiff's favor, the court found that defendant had failed to meet its initial burden to prove failure to exhaust.

In their objections, however, defendants change the focus of their argument. They argue that plaintiff failed to comply with 42 U.S.C. § 1997e(a) because he filed this case four days before signing the grievance that he submitted to CDCR's third-level review. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The court finds this argument persuasive. Since plaintiff filed his suit before submitting his grievance to the third level of review, he failed to exhaust his remedies as required by § 1997e(a).

**ORDER**

Accordingly, the findings and recommendations issued on February 14, 2018, ECF No. 99, are vacated.

IT IS SO ORDERED.

Dated: March 15, 2019

_____
UNITED STATES MAGISTRATE JUDGE

2