UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>D. GRISSOM, *et al.*,<br><br>Defendants. | Case No. 1:16-cv-00498-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED IN FULL<br><br>ECF No. 79<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Simon Thornton is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint, in which he stated an Eighth Amendment excessive force claim against defendant Grissom and an Eighth Amendment failure to protect claim against defendant Cruz. ECF No. 9; ECF No. 18.

On April 23, 2018, defendants moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that plaintiff failed to exhaust available administrative remedies. ECF No. 79. Plaintiff filed an opposition on May 2, 2018, ECF No. 82, and defendants filed a reply on May 9, 2018, ECF No. 83. The motion was submitted on the record without oral argument under

Local Rule 230(*l*).[1] Defendants' motion for summary judgment is now before the court, and we will recommend granting it.

# I. LEGAL STANDARDS

## A. Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies via an attachment to the defendants' motion for summary judgment. ECF No. 79-1.

the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates that summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there is no genuine issue of material fact and judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

3

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendants, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

**B. Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the

prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**C. CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. *Id.* § 3084.5. A prisoner initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance") within thirty calendar days (1) of the event or decision being appealed, (2) from the time the prisoner first had knowledge of the action or decision being appealed, or (3) from the time the prisoner received an unsatisfactory departmental response to an appeal filed. *Id.* §§ 3084.2(a), 3084.8(b) (quotation marks omitted). There is one exception to the thirty-day rule: "There shall be no time limits for allegations of sexual violence or staff sexual misconduct." *Id.* § 3084.2(b)(4).

The grievance must "describe the specific issue under appeal and the relief requested,"

and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4). Inmate grievances are subject to cancellation if "time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id.* § 3084.6(c)(4).

## II. SUMMARY JUDGMENT RECORD

To decide a motion for summary judgment, a district court may consider materials listed in Rule 56(c). Those materials include depositions, documents, electronically-stored information, affidavits or declarations, stipulations, party admissions, interrogatory answers, "or other materials." Fed. R. Civ. P. 56(c). A party may object that an opponent's evidence "cannot be presented in a form that would be admissible" at trial, *see* Fed. R. Civ. P. 56(c)(2), and the court ordinarily rules on evidentiary objections before deciding a summary judgment motion, to determine which materials the court may consider. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010); *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004). Here, defendants present plaintiff's complaint; the declaration of A. Lucas, an Appeal Coordinator at Kern Valley State Prison ("KVSP"); and the declaration of M. Voong, the Chief of the Office of Appeals ("OOA") for CDCR. ECF No. 9; ECF No. 79-4; ECF No. 79-5. Plaintiff presents his sworn opposition brief, documents related to a criminal case against him, documents related to his administrative grievance, and a CDCR operations manual. ECF No. 82. No party disputes these materials' admissibility.[2]

The only question here is whether plaintiff has exhausted available administrative remedies

---

[2] Defendants do, however, argue that plaintiff "fail[s] to provide any evidence that supports his argument" aside from "unsupported, conclusory allegations" and that he "failed to comply with L.R. 260(b)." ECF No. 83 at 4. Defendant is correct that plaintiff failed to comply with Local Rule 260(b) by not citing to particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document. While the court could therefore "consider only the cited materials," the court will nonetheless consider plaintiff's motion on the merits. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

6

for his Eighth Amendment excessive force claim against defendant Grissom and his Eighth Amendment failure to protect claim against defendant Cruz. In his verified complaint, ECF No. 9, plaintiff alleges as follows: On August 28, 2015, plaintiff informed prison staff that he felt unsafe in his cell and asked to speak with medical personnel. *Id.* at 4. In response, defendants Grissom and Cruz came to plaintiff's cell, placed him in handcuffs, and directed him to step outside the cell. *Id.* Once plaintiff exited the cell, Grissom placed a hand on plaintiff's left elbow and made "an assaultive gesture." *Id.* Grissom said that he could throw plaintiff off the tier to kill him and then report that plaintiff jumped off. *Id.* This comment made plaintiff feel that he was in "mortal danger." *Id.* Accordingly, plaintiff tried to pull his arm free from Grissom's hold but accidentally bumped into him. *Id.* In response, Grissom pushed plaintiff forcefully toward his cell and onto the floor. *Id.* While Cruz acted as "look out," Grissom punched plaintiff six times in the middle of his spine. *Id.* at 5. On the third strike, plaintiff felt a popping, breaking, and tearing sensation. *Id.* Plaintiff, who feared for his life, began to kick his legs in self-defense. *Id.* Grissom then punched plaintiff in the stomach area an additional five or six times. *Id.* At this point, Cruz gave Grissom a verbal warning that other staff were approaching. *Id.*

The parties agree that plaintiff submitted a grievance (KVSP-O-15-02716) concerning what occurred on August 28, 2015. In the grievance, dated September 20, 2015, plaintiff described the issue as follows:

> I am 602-ing the fact that on 8/28/15 correctional officer Grissom used Excessive Force on A Inmate (myself) while in handcuffs. Specifically he threw me across a matress causing my face to have a Friction burn & then he repeatedly struck 5 or 6 punches to my middle back area followed by 5 or 6 punches to my right "rear flank" or "ribcage area." These punches were not strength & holds & therefore constitute use of Excessive Force. I was video taped per title 15 protocol when excessive Force is used.

ECF No. 79-4 at 19-20. CO Cruz is not mentioned in the grievance.

According to the declarations of Voong and Lucas, the timeline for appeal log number KVSP-O-15-02716 is as follows:

- 09/24/2015: The California Men's Colony Inmate Appeals Office ("IAO")

7

received the appeal and "rejected" it via CDCR Form 695, advising plaintiff that the appeal would be forwarded to KVSP IAO for processing. ECF No. 79-4 ¶ 18.

- 10/02/2015: The KVSP IAO received the appeal and referred it to the Hiring Authority / Chief Deputy Warden on 10/02/2015 for a Staff Complaint Determination. *Id.*
- 10/05/2015: The Hiring Authority designated the appeal to be processed as a Staff Complaint Appeal Inquiry. The appeal bypassed the First Level of Review, and CDCR officials assigned it to the Second Level of Review on 10/05/2015 with an original due date of 11/17/2015. *Id.*
- 10/14/2015: The associate warden of KVSP submitted a request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the 11/17/15 due date to 12/17/2015. *Id.*
- 12/15/2015: The associate warden of KVSP submitted a second request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due date to 01/18/2016. *Id.*
- 01/08/2016: The associate warden of KVSP submitted a third request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due date to 02/19/2016. *Id.*
- 02/18/2016: The associate warden of KVSP submitted a fourth request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due date to 03/04/2016. *Id.*
- 03/02/2016: The associate warden of KVSP submitted a fifth request for an extension of time to process the grievance, noting "Unavailability of Staff for interview." A CDCR appeals coordinator approved the request, extending the due

| | |
|---|---|
| 1 | date to 04/04/2016. *Id.* |
| 2 | • 03/08/2016: CDCR officials responded to the appeal. *Id.* CDCR officials |
| 3 | partially granted the appeal in that Grissom was questioned, but the officials |
| 4 | found that Grissom did not violate CDCR policy. *Id.* ¶ 15. |
| 5 | • 03/24/2016: The Hiring Authority / Chief Deputy Warden "approved" the appeal |
| 6 | and provided plaintiff with the second-level response. *Id.* ¶ 18; ECF No. 79-5 |
| 7 | ¶ 15. |
| 8 | • 04/08/2016: Plaintiff filed the complaint in this lawsuit. ECF No. 1. |
| 9 | • 04/12/2016: Plaintiff signed, dated, and completed a section of the grievance form |
| 10 | set aside for an inmate to report any dissatisfaction with a second-level response. |
| 11 | ECF No. 79-5 ¶ 15. Specifically, he stated, "I am dissatisfied with the second |
| 12 | level response because you say he didn't violate C.D.C.R. policy and the appeal |
| 13 | was partially granted. But Grissom wasn't fired without pension or benefits nor |
| 14 | brought up on felony charges for assault & batter all that was done was a private |
| 15 | investigation & a damned cover-up that took 6 months." *Id.* |
| 16 | • 04/29/16: "The appeal package was stamped as received by OOA." *Id.* |
| 17 | • 07/12/2016: The OOA mailed the third-level response to plaintiff. *Id.* The |
| 18 | response explained that OOA "cancelled" plaintiff's appeal on the ground that he |
| 19 | exceeded time constraints to file his appeal to the third level of review. *Id.* |
| 20 | Rather than stating that the OOA *received* the response on 04/29/16, the response |
| 21 | states that plaintiff "submitted" the appeal on 04/29/16. *Id.* |

In a declaration, A. Lucas, an Appeal Coordinator at KVSP, states that "[a]ll delays were due to the unavailability of staff, D. Grissom, for interview. D. Grissom was on medical leave." ECF No. 79-4 ¶ 19.

    In his sworn opposition brief, plaintiff states that he did not "[receive] a timely response [to his administrative grievance] nor was [he] given notice of timely delays every time." ECF No. 82 at 2. Plaintiff also states that he submitted his grievance to the third level "[immediately] after he returned from a year in a county jail." *Id.*

9

| | |
|---|---|
| 1 | **III.    DISCUSSION** |

The court first considers whether defendants have met their initial burden of producing evidence showing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *See Albino II*, 747 F.3d at 1172. Defendants submit evidence in the form of sworn declarations and supporting documents showing that CDCR had an administrative grievance process available at the time of the incident that involved submission of a standardized grievance form and three levels of review. ECF No. 79-4; ECF No. 79-5. Defendants submit further evidence showing that, while plaintiff submitted a grievance concerning the alleged constitutional violation through the second level of review, plaintiff filed this lawsuit before submitting his grievance to the third and final level of review, thereby failing to comply with 42 U.S.C. § 1997e(a). ECF No. 1; ECF No. 79-5, Exh. B; *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Considering defendants' submissions, the court finds that defendants have met their initial burden of demonstrating that the administrative remedies were generally available, and that plaintiff did not exhaust those administrative remedies before filing suit. *Albino*, 747 F.3d at 1172.

Because defendants have satisfied their initial burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *See Albino II*, 747 F.3d at 1172. Plaintiff contends that administrative remedies were not effectively available to him: "[P]laintiff made a good faith effort to exhaust[] his administrative remedies but was unable to [receive] a timely response nor was given notice of timely delays every time." ECF No. 82 at 2. Indeed, before plaintiff filed suit, there were numerous delays—totaling nearly six months—in the processing of plaintiff's administrative grievance. ECF No. 79-4 ¶ 18; ECF No. 79-5 ¶ 15. Indefinite delays in processing an inmate's administrative grievance may be a sign that administrative remedies are effectively unavailable. *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) ("We also note that . . . like all the other circuits that have considered the

question, we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances." (internal quotation marks omitted)). Here, defendants acknowledge the numerous delays in processing plaintiff's grievance but explain that "[e]ach delay was due to the unavailability of Officer Grissom for the required interview that is completed when there is a staff complaint." ECF No. 79-2 at 10. Defendants argue that these delays complied with relevant regulations[3] because "[e]ach delay was noticed to Thornton, explaining that the reason for the delay was for unavailability of staff for interview." *Id.*

Plaintiff denies receiving appropriate notice of the delays in processing his appeal, but he provides no significant evidence in support of his contention. Although we do not engage in credibility determinations at the summary judgment stage, *Manley*, 847 F.3d at 711, we do not have to accept vague and conclusory statements in a declaration, *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). Plaintiff submits a slew of court filings from a criminal case against him, ECF No. 82 at 16-78, which he apparently hopes will show that he was in county prison for a period of time and so could not pursue his state prison grievance.[4] Whether or not a stint in county prison could justify a failure to exhaust state-court remedies, plaintiff's documents provide no direct support for the proposition that he was in county jail at the critical time.[5] Defendants, for their part, submit evidence that directly contradicts plaintiff's account. Specifically, defendants submit plaintiff's "External Movements Summary"—a log of plaintiff's movement to and from

---

[3] Cal. Code Regs. tit. 15, § 3084.8(d)(1) ("Exception to the time limits provided in subsection 3084.8(c) is authorized . . . in the event of . . . [u]navailability of the inmate or parolee, or staff, or witnesses."); *id.* § 3084.8(e) ("[I]f an exceptional delay prevents completion of the review within specified time limits, the appellant, within the time limits provided in subsection 3084.8(c), shall be provided an explanation of the reasons for the delay and the estimated completion date.").

[4] Another issue raised by defendants, which we need not reach here, is whether plaintiff submitted his appeal to the third level beyond the applicable 30-day deadline.

[5] Notably, in plaintiff's opposition to defendants' motion to dismiss for failure to exhaust, he made no mention of a stint in county jail interfering with his pursuit of administrative remedies. *See* ECF No. 53.

KVSP—which shows that plaintiff resided at KVSP when the second level response was issued. Contrary to plaintiff's sworn assertions, the summary indicates that CDCR transferred plaintiff to Mendocino County Jail for the period of June 30, 2016 to May 18, 2017, *id.* at 5—well after CDCR issued the second-level response on March 24, 2016 and after plaintiff filed this lawsuit. ECF No. 79-5 ¶ 15. Considering the foregoing, plaintiff has not met his burden to show that the generally-available administrative remedies were unavailable to him. *See Albino II*, 747 F.3d at 1172. Accordingly, the court should grant summary judgment for defendants.

## IV. FINDINGS AND RECOMMENDATIONS

We recommend that the court grant defendants' motion for summary judgment and that the clerk of the court be directed to close this case.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 15, 2019

UNITED STATES MAGISTRATE JUDGE